IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

AMEER RASHEEM McFARLAND,

Plaintiff,

v.

C.O MICHEAL MOYER,

Defendant.

OPINION and ORDER

26-cv-794-jdp

Plaintiff Ameer Rasheem McFarland, proceeding without counsel, is a prisoner at Jackson Correctional Institution. McFarland alleges that a staff member opened legal mail out of his presence. He has made an initial partial payment of the filing fee as directed by the court.

The next step is for me to screen McFarland's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that McFarland's current complaint doesn't state a claim for relief, but I will give him a chance to submit an amended complaint.

## ANALYSIS

McFarland alleges that in December 2025, defendant Correctional Officer Micheal Moyer opened his legal mail out of his presence and sent him photocopies of that mail. That procedure is used for ordinary mail but not for legal mail.

As a general constitutional rule, prison staff must open correspondence from a prisoner's attorney in the prisoner's presence. *See Guajardo-Palma v. Martinson*, 622 F.3d 801, 804 (7th Cir. 2010); *Kaufman v. McCaughtry*, 419 F.3d 678, 685–86 (7th Cir. 2005). But McFarland states that this happened only once and I take him to be saying that Moyer only inadvertently processed the mail out of his presence. Generally, isolated instances of misconduct replated to a prisoner's mail are not enough to constitute a First Amendment violation. *See Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). And negligence doesn't violate the Constitution. *See, e.g.*, *Cooney v. Casady*, 735 F.3d 514, 519 (7th Cir. 2013). It's possible that McFarland could state a claim if Moyer's actions harmed him in his underlying state-court proceeding, but McFarland doesn't explain how he was harmed here.

McFarland's allegations aren't enough to state any claim for relief, so I will dismiss his complaint. But because he appears without counsel, I will not dismiss the entire case outright. *See Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016) ("when a plaintiff—especially [an unrepresented] plaintiff—fails to state a claim in his first complaint, he should ordinarily be given a chance to amend."). Instead, I will give him a chance to file an amended complaint better explaining his claims. If McFarland fails to submit an amended complaint by the deadline set below, I will dismiss the entire case. *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until October 22, 2026, to submit an amended complaint.

Entered September 30, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge